UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

PEARSON EDUCATION, INC.,
JOHN WILEY & SONS, INC.,
CENGAGE LEARNING INC., AND
THE MCGRAW-HILL COMPANIES, INC.,

              Plaintiffs,

    -against-                    07 Civ. 9601 (RJH)
                                  ECF CASE
JOHN DOE D/B/A TOM DANIELS
D/B/A C_BOOKS D/B/A
CTRADE-BOOKS D/B/A REDAPPLE
D/B/A LLBOOKS AND
JOHN DOES NOS. 1-5,

              Defendants.

- - - - - - - - - - - - - - - - - -x

        DECLARATION OF WILLIAM DUNNEGAN IN SUPPORT
          OF PLAINTIFFS' APPLICATION FOR AN ORDER
       ALLOWING SERVICE ON DEFENDANT JOHN DOE BY
        E-MAIL AND MAIL AND ALLOWING SERVICE OF
        SUBPOENAS ON GOOGLE INC., PAYPAL, INC.,
          EBAY, INC., BIBLIO, INC., AND VALORE
                      EXCHANGE LLC.

      WILLIAM DUNNEGAN hereby declares pursuant to 28 U.S.C. § 1746 that the following is true and correct.

      1.   I am a member of the bar of this Court and the firm of Dunnegan LLC, attorneys for plaintiffs in this action, which was filed on October 29, 2007.

      2.   I am making this declaration in support of plaintiffs' application for an order authorizing plaintiffs (i) pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure and New York CPLR § 308(5), to serve defendant

John Doe d/b/a Tom Daniels d/b/a C_Books d/b/a Ctrade-Books d/b/a RedApple d/b/a LLBooks with the summons and complaint in this action by e-mail and mail, and (ii) pursuant to Rule 26(d) of the Federal Rules of Civil Procedure, to serve subpoenas on Google Inc. ("Google"), PayPal, Inc. ("PayPal"), and eBay, Inc. ("eBay"), Biblio, Inc. ("Biblio") and Valore Exchange LLC ("Valore") to identify and locate defendant John Doe and John Does Nos. 1-5.

3. Under Rule 4(e)(1), the Court has authority to permit service on an individual defendant located in the United States by any means available under the laws of the State in which the Court sits. Under CPLR § 308(5), a plaintiff may accomplish service in any manner that the Court directs, if service is not practical under CPLR § 308 (1), (2) or (4). See D.R.I. Inc. v. Dennis, 2000 U.S. Dist. LEXIS 22541 (S.D.N.Y. 2004)(Leisure, J.); See generally Rio Properties, Inc. v. Rio International Interlink, 284 F.3d 1007 (9th Cir. 2002)(Affirming lower court's decision permitting service on foreign defendant via e-mail).

4. In this case, neither service nor substitute service under CPLR § 308 (1), (2), or (4) is feasible.

5. The complaint alleges that defendants have without permission purchased Foreign Editions of

plaintiffs' books manufactured outside of the United States and resold them to purchasers in the United States through the Internet at the website AbeBooks.com using the e-mail addresses cbooks12@gmail.com and redapple12@gmail.com.

6. Physical service has proven unsuccessful.

7. We have been, by searching the Internet, unable to locate a physical address for the defendant John Doe.

8. Due to the electronic nature of John Doe's business, we seek an order authorizing us to serve him using the e-mail addresses used in processing his sales, cbooks12@gmail.com and redapple12@gmail.com, as well as by mailing a copy of that complaint, summons, and order allowing service to the defendant's last known address of 583 Brandon Avenue, Charlottesville, Virginia 22903-3366 in a envelope bearing the legend "personal and confidential" and not indicating on the outside that the communication is from an attorney or concerns an action against the person to be served.

9. Under these circumstances, service to this e-mail address and last known address is reasonably calculated to give notice to defendant John Doe and much more likely to give him actual notice of the action than service by publication.

10. Other judges of this Court have granted similar applications to serve a defendant by e-mail. A copy of the order of Judge McMahon in the action entitled <u>Pearson Education, Inc., et al. v. John Doe d/b/a "LPE Bookstore,"</u> Index No. 07 Civ. 8028, is attached as Exhibit A. A copy of the order of Judge Koeltl in the action of <u>Pearson Education, Inc., et al. v. Mushfiq Saleheen d/b/a "books777,"</u> Index No. 07 Civ. 4547, is attached as Exhibit B. A copy of the order of Judge Sprizzo in the action entitled <u>John Wiley & Sons, Inc. v. Abdel Ghani d/b/a "bubblesolutions,"</u> Index No. 05 Civ. 2319, is attached as Exhibit C.

11. As the email system used by John Doe, Google may know the true identity and location of the individual or individuals using the email addresses cbooks12@gmail.com and redapple12@gmail.com.

12. As the probable payment system used by John Doe, PayPal may know the true identity and location of the individual or individuals using the names Tom Daniels, C_Books, Ctrade-Books, RedApple, and LLBooks.

13. As the host of the sales site of John Doe, Biblio may know the true identity and location of the individual or individuals using the names Tom Daniels, C_Books, Ctrade-Books, RedApple, and LLBooks.

14. As the host of the sales site of John Doe, Valore may know the true identity and location of the individual or individuals using the names Tom Daniels, C_Books, Ctrade-Books, RedApple, and LLBooks.

15. As the probable host of the sales site of John Doe, eBay may know the true identity and location of the individual or individuals using the names Tom Daniels, C_Books, Ctrade-Books, RedApple, and LLBooks.

16. Under Rule 26(d), however, "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Without the identities and locations of the defendant, this conference cannot occur.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 28th day of November 2007 in New York, New York.

                                                 */s/ William Dunnegan*
                                                 William Dunnegan